IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH GAMBILL, SUPRENA HAWKINS, NENA HUDSON-ESTRELLA, ROYAL JOHNSON, VERONICA MCCALLUM, DEASIA MOORE, MILTON ORTIZ, MARTHA TATE, AND GARRY WILLIAMS, | CIVIL ACTION NO.  2:22-cv-286 <br><br> CLASS ACTION |
| Plaintiffs, | |
| v. | |
| Child Development Centers, Inc., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Deborah Gambill, Suprena Hawkins, Nena Hudson-Estrella, Royal Johnson, Veronica McCallum, Deasia Moore, Milton Ortiz, Martha Tate, and Garry Williams, on behalf of themselves and all others similarly situated, file this action against Defendant Child Development Centers, Inc. ("CDC") for violations of the Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e *et seq.*).

## PRELIMINARY STATEMENT

1.      Plaintiffs are initiating this action to address Defendant's deliberate misstatements and the concealment of evidence which demonstrate that the company's application of facially neutral policies during the COVID-19 pandemic had the effect of "whitewashing" the racial composition of its workforce.  Indeed, as of April 8th, 2020, Defendant received at least $662,500.00 in pandemic relief funds while business operations were interrupted due to mandated quarantine and alleged decreased enrollment. Thereafter, Defendant utilized these circumstances to terminate the vast majority of its minority employees and replaced them with white employees.

2.      In September 2020, Defendant informed a number of employees that they were going to be furloughed due to a downturn in business related to the COVID-19 pandemic.

3.      Thereafter, Defendant continued to terminate the employment of other individuals under the guise of the COVID-19 pandemic.

4.      Defendant continues to represent that the termination of any employees following the onset of the COVID-19 pandemic was based on legitimate and nondiscriminatory business reasons.

5.      Defendant's actions, however, have disproportionately impacted its non-white employees, and in doing so, the company violated federal and state laws.

6.      Plaintiffs allege that these discriminatory acts began in 2020 and have continued unchecked.

7.      Plaintiffs are seeking to hold Defendant accountable for its actions which have disproportionately impacted the company's non-white employees for years.

**THE PARTIES**

8.      Plaintiff Deborah Gambill is an adult individual who currently resides at 614 East 6th Street, Erie, Pennsylvania 16507.

9.      Plaintiff Suprena Hawkins is an adult individual who currently resides at 353 West 24th Street, Erie, Pennsylvania 16502.

10.      Plaintiff Nena Hudson-Estrella is an adult individual who currently resides at 944 East 25th Street, Erie, Pennsylvania 16503.

11.      Plaintiff Royal Johnson is an adult individual who currently resides at 949 East 24th Street, Erie, Pennsylvania 16503.

12.     Plaintiff Veronica McCallum is an adult individual who currently resides at 501 West 3rd Street, Erie, Pennsylvania 16507.

13.     Plaintiff Deasia Moore is an adult individual who currently resides at 2431 Barrington Place Drive, Sugarland, Texas 77478.

14.     Plaintiff Milton Ortiz is an adult individual who currently resides at 4125 Crestmont Avenue, Erie, Pennsylvania 16508.

15.     Plaintiff Martha Tate is an adult individual who currently resides at 2218 Cascade Street, Erie, Pennsylvania 16502.

16.     Plaintiff Garry Williams is an adult individual who currently resides at 239 East 21st Street, Erie, PA 16503.

17.     Defendant, Child Development Centers, Inc. (hereinafter "CDC"), is a corporation with a principal place of business located at 3814 Ashbury Road, Erie, PA 16506.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiffs' claims arise under the laws of the United States and Plaintiffs seeks redress for violations of federal laws.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred at CDC offices which are located in this district.

## FACTUAL BACKGROUND

20.     The CDC has facially neutral policies concerning the hiring, firing, promotion, transfer, and furloughing of its employees ("Screening Policies").

21.     In March 2020, after the onset of the COVID-19 pandemic, the CDC applied its Screening Policies as part of the company's attempt to control operating costs.

22.     Plaintiffs were impacted by the CDC's Screening Policies beginning in September 2020. Plaintiffs were specifically told that they were going to be furloughed "[d]ue to the impact of the pandemic."

23.     In February 2021, Plaintiffs initiated an action against the CDC by dual-filing Charges of Discrimination with the Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

24.     In their EEOC Charge, Plaintiffs alleged multiple claims, including disparate treatment (race) in violation of Title VII. Plaintiffs also alleged that the furloughed employees "[were] predominantly comprised of African American individuals."

25.     In response, the CDC filed a Position Statement which denied Plaintiffs' allegations by

    a.     Claiming that the CDC had to reduce staff due to a decline in enrollment

    b.     Claiming that just 18 employees were laid off as part of the company's furloughs

    c.     Claiming that only 10 out of the 18 employees who were furloughed were not white

26.     In addition, the CDC stated in its Position Statement that Plaintiffs' Charges contained "bald, conclusory allegations of discrimination" which "[failed] to raise any direct evidence of discrimination in [the] Charge."

27.     Throughout the EEOC process, the CDC intentionally limited the information it made available to Plaintiffs and the EEOC, focusing just on the 18 employees who were furloughed during the September 2020 through October 2020 period.

28.     On January 3, 2022, Plaintiffs filed a Complaint ("First Complaint") in the United States District Court for the Western District of Pennsylvania. Plaintiffs' First Complaint is docketed at Civil Action No. 1:22-cv-00005-SPB (Doc. No. 1).

29.     In the First Complaint, Plaintiffs' Title VII allegations were limited to claims for disparate treatment based on the evidence available to them at the time, the information provided by the CDC during the EEOC process, and the EEOC's decision to terminate its investigation on October 5, 2021, without making a determination on the merits of Plaintiffs' claims.

30.     On March 31, 2022, the CDC filed its Answer and Affirmative Defenses to Plaintiffs' First Complaint. *See* Doc. No. 6 at C.A. No. 1:22-cv-00005-SPB (W.D. of PA).

31.     As part of the CDC's Answer and Affirmative Defenses to Plaintiffs' First Complaint, the CDC continued to assert that a downturn in enrollment was "a result of the **ongoing** pandemic" and offered that reason as a "legitimate, nondiscriminatory business reason" behind the termination of Plaintiffs' employment in 2020. *Id*. at ¶¶ 24, 41, 58, 74, 76, 89, 91, 108, 110, 128, 130, 154, 156, 171, and 173. (emphasis added)

32.     On June 6, 2022, Plaintiffs made the following request pursuant to the Freedom of Information Act ("FOIA"): "…EEO-1 data submitted to the EEOC by the CHILD DEVELOPMENT CENTERS, INC. (PA Entity Number 89855, https://www.cdcenters.org/get-connected/contact.html). We are seeking EEO-1 data, and specifically reporting on the race data for the company beginning from 2019 through present."

33.     Plaintiffs made their FOIA request for the CDC's EEO-1 Data four days before the Court issued its Initial Scheduling Order. *See* Doc. No. 10 at C.A. No. 1:22-cv-00005-SPB (W.D. of PA). As a result, Plaintiffs made their FOIA request for the CDC's EEO-1 Data as soon as practically possible, and even before Plaintiffs were permitted to engage in discovery on their First Complaint.

34.     On July 18, 2022, Plaintiffs received a copy of the CDC's 2020 Employer Information Report EEO-1 ("EEO-1 Report") in response to their FOIA request.

35.     The CDC's EEO-1 Report showed the following data trends from 2019-2020:

a.      70.0% reduction in Black or African American employees (*i.e.*, 40 employees in 2019 to 12 employees in 2020)

b.      33.3% reduction in Hispanic or Latino employees (*i.e.*, 9 employees in 2019 to 6 employees in 2020)

c.      66.7% reduction in Asian employees (*i.e.*, 3 employees in 2019 to 1 employee in 2020)

d.      16.3% increase in white employees (*i.e.*, 325 employees in 2019 to 378 employees in 2020)

36.     The CDC's EEO-1 Report shows that the CDC's application of its Screening Policies has impacted African American, Asian, Black, Hispanic, and Latino employees ("Minority Employees") in a statistically significant way as the CDC got rid of 63.4% of its Minority Employees during the 2019-2020 period while increasing the number of white employees by 16.3% during that same period of time.

37.     The CDC's EEO-1 Report also showed that the CDC's stated justification for terminating the employment of Plaintiffs and other Minority Employees was not job related and was also not related to business necessity (*i.e.*, CDC's previously stated reason for a decline in enrollment) as 53 additional white employees were hired during the 2019 to 2020 period.

38.     For perspective, the CDC's decision to increase the number of white employees by 53 in 2020 was greater than the entire number of Minority Employees employed by the CDC prior to the onset of the COVID-19 pandemic.

39.     Plaintiffs were not provided with a copy of the CDC's EEO-1 Report for 2021.

40.     Upon information and belief, the CDC's Screening Policies remain in effect to this day.

41.     Upon information and belief, the CDC's application of its Screening Policies continues to impact the company's Minority Employees in a statistically significant way to this day.

42.     Plaintiffs were all Minority Employees.

**A.      Deborah Gambill**

43.     Plaintiff Gambill was hired by the CDC as a Floater on July 2, 2019.

44.     Plaintiff Gambill is an African American female who was over the age of 40 throughout her employment with the CDC.

45.     At all times relevant, Plaintiff Gambill was able to perform the essential functions of her job.

46.     On September 25, 2020, the CDC notified Plaintiff Gambill that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Gambill's employment with the CDC "ceased effective October 1, 2020."

**B.      Suprena Hawkins**

47.     Plaintiff Hawkins was hired by the CDC as a Floater on July 2, 2019.

48.     Plaintiff Hawkins is an African American female who was over the age of 40 throughout her employment with the CDC.

49.     At all times relevant, Plaintiff Hawkins was able to perform the essential functions of her job.

50.     On October 12, 2020, the CDC notified Plaintiff Hawkins that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Hawkins' employment with the CDC "ceased effective October 1, 2020."

###     C.     Nena Hudson-Estrella

51.     Plaintiff Hudson-Estrella was hired by the CDC as a Vacation Floater on July 8, 2019.

52.     Plaintiff Hudson-Estrella is an African American female who was over the age of 40 throughout her employment with the CDC.

53.     At all times relevant, Plaintiff Hudson-Estrella was able to perform the essential functions of her job.

54.     On September 25, 2020, the CDC notified Plaintiff Hudson-Estrella that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Hudson-Estrella's employment with the CDC "ceased effective October 1, 2020."

###     D.     Royal Johnson

55.     Plaintiff Johnson was hired by the CDC as a Family Engagement Specialist on July 1, 2019.

56.     Plaintiff Johnson is an African American female who was over the age of 40 throughout her employment with the CDC.

57.     At all times relevant, Plaintiff Johnson was able to perform the essential functions of her job.

58.     On October 1, 2020, the CDC notified Plaintiff Johnson that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Johnson's employment with the CDC "ceased effective October 1, 2020."

**E.      Veronica McCallum**

59.     Plaintiff McCallum was hired by the CDC as a Preschool Assistant teacher on July 2, 2019.

60.     Plaintiff McCallum is an African American female who was over the age of 40 throughout her employment with the CDC.

61.     At all times relevant, Plaintiff McCallum was able to perform the essential functions of her job.

62.     On September 25, 2020, the CDC notified Plaintiff McCallum that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff McCallum's employment with the CDC "ceased effective October 1, 2020."

**F.      Deasia Moore**

63.     Plaintiff Moore was hired by the CDC as a Family Engagement Specialist on July 2, 2019.

64.     Plaintiff Moore is an African American female.

65.     At all times relevant, Plaintiff Moore was able to perform the essential functions of her job.

66.     On September 25, 2020, the CDC notified Plaintiff Moore that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Moore's employment with the CDC "ceased effective October 1, 2020."

**G.** **Milton Ortiz**

67.     Plaintiff Ortiz was hired by the CDC in a food service role on October 4, 2019.

68.     Plaintiff Ortiz is a Hispanic male.

69.     At all times relevant, Plaintiff Ortiz was able to perform the essential functions of his job.

70.     On September 25, 2020, the CDC notified Plaintiff Ortiz that he was being furloughed. As part of its notification, the CDC indicated that Plaintiff Ortiz's employment with the CDC "ceased effective October 1, 2020."

**H.** **Martha Tate**

71.     Plaintiff Tate was hired by the CDC as an Assistant Teacher on July 15, 2019.

72.     Plaintiff Tate is an African American female who was over the age of 40 throughout her employment with the CDC.

73.     At all times relevant, Plaintiff Tate was able to perform the essential functions of her job.

74.     On September 25, 2020, the CDC notified Plaintiff Tate that she was being furloughed. As part of its notification, the CDC indicated that Plaintiff Tate's employment with the CDC "ceased effective October 1, 2020."

**I.** **Garry Williams**

75.     Plaintiff Williams was hired by the CDC as a maintenance worker on July 2, 2019.

76.     Plaintiff Williams is an African American male who was over the age of 40 throughout his employment with the CDC.

77.     At all times relevant, Plaintiff Williams was able to perform the essential functions of his job.

10

78.     On September 25, 2020, the CDC notified Plaintiff Williams that he was being furloughed. As part of its notification, the CDC indicated that Plaintiff Williams' employment with the CDC "ceased effective October 1, 2020."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

79.     On August 18-19, 2022, Plaintiffs filed Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging Title VII disparate impact claims (based on race).

80.     Plaintiffs' Charges were dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

81.     By letters dated September 13, 2022, the EEOC notified Plaintiffs of their right to file a civil action against Defendant.

82.     Plaintiffs intend to amend this action to include claims under the Pennsylvania Human Relations Act in August 2023 pursuant to 43 P.S. § 962(c)(1).

83.     Plaintiffs have initiated this civil action within 90 days of receiving the EEOC's Right to Sue letter.

84.     Accordingly, Plaintiffs have exhausted their administrative remedies under federal law.

## CLASS ACTION ALLEGATIONS

85.     Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4) on behalf of themselves, nationwide, including:

### Terminations Class

All Minority Employees who were employed by Defendant and terminated in 2020 until the present date.

86.     The CDC has acted or refused to act on grounds generally applicable to the Class, thereby making a class-wide Title VII action the appropriate remedy for the Class.

87.     Plaintiffs reserve the right to expand, limit, modify, or amend the Class's definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

88.     Questions of law and fact common to the Class, predominate over any issues involving only individual class members. The primary issues concern: whether the CDC's employment practices have disparately impacted the company's Minority Employees in violation of Title VII.

89.     This action has been brought, and may be properly maintained, as a class action pursuant to Fed. R. Civ. P. 23 because of a well-defined public interest in this litigation.

90.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1)**. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time and can only be ascertained through discovery, Plaintiffs believe that there are over 40 Minority Employees whose employment was terminated during the 2020-2022 period.

91.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**. This action involves questions of law and fact that are common to the class members and predominate over questions affecting only individual Class Members. Such common questions include, but are not limited to:

　　　a.     Whether CDC's employment practices have disparately impacted its Minority Employees in violation of Title VII;

b.     Whether Plaintiffs' and other Class members' employment was terminated for legitimate and non-discriminatory reasons;

c.     Whether equitable and injunctive relief is warranted; and

d.     Whether compensatory and/or punitive damages are warranted.

92.     **Typicality – Federal Rule of Civil Procedure 23(a)(3)**. Plaintiffs' claims are typical of those members of the Class, as all members are Minority Employees who lost their job during the 2020-2022 period. Accordingly, the defenses available to the representative claims raised by Plaintiffs will also be typical to the Class.

93.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4)**. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class members Plaintiffs seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; Plaintiffs intend to prosecute this action vigorously; and Plaintiffs' counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiffs and Plaintiffs' counsel.

94.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1)**. Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individuals, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated individuals, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for the Defendant. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

95.     **Superiority − Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

96.     The Class members are ascertainable because every potential Class member can be identified from the CDC's regularly maintained employee personnel records. Accordingly, a review of the CDC's records maintained in the ordinary course of business is all that is necessary to determine members of this Class.

**STATEMENT OF CLAIMS**

**COUNT I**
Violations of Title VII – Disparate Impact
(Plaintiffs on behalf of the Class v. Defendant)

97.     Plaintiffs on behalf of the Class incorporate by reference the allegations in Paragraphs 1 through 96, as if fully set forth herein.

98.     The CDC's application of its Screening Policies has had a disparate impact on its Minority Employees on the basis of national origin and race that are neither job-related for the positions at issue nor consistent with business necessity.

99.     The acts and omissions by the CDC that are described in this Complaint constitute violations of Title VII.

100.    As a proximate result of the conduct by the CDC, Plaintiffs and other Class members have or will suffer substantial harm, for which they seek general, compensatory, and punitive damages.

## REQUESTS FOR RELIEF

Accordingly, Plaintiff requests that this Court enter judgment on their behalf and enter an order directing the award of other relief, as follows:

A.      Certify the proposed Class to litigate the claims in this Complaint for class-wide adjudication under Federal Rule of Civil Procedure 23(a), (b)(3) and/or (c)(4);

B.      Appoint Plaintiffs' Counsel as Class Counsel for the Class pursuant to Rule 23(g)(1);

C.      Entering an order requiring the CDC provide Plaintiffs with the names, dates of birth, length of employment, and last known contact information, including physical addresses, e-mail addresses, and telephone numbers of all Minority Employees whose employment ended from 2020 to present;

D.      Entering an order directing that notice and opportunity to opt-in be given to all Minority Employees of the CDC whose employment ended from 2020 to present;

E.      Finding that the CDC violated Title VII;

F.      Injunctive relief in the form of reinstatement;

G.    Awarding Plaintiffs and other Minority Employees back pay, front pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make them whole;

H.    Awarding Plaintiffs and other Minority Employees punitive damages under Title VII;

I.    Awarding Plaintiffs and other Minority Employees attorneys' fees and costs;

J.    Awarding Plaintiffs and other Minority Employees pre- and post-judgment interest as provided by law; and

K.    Awarding Plaintiffs and other Minority Employees any other relief to which they are entitled and/or which this Court deems necessary and proper.

If permitted, a jury trial is demanded for all claims triable by jury.


Respectfully submitted,

/s/ Joshua P. Ward
Joshua P.  Ward
PA I.D. No. 320347
jward@jpward.com


/s/ Sammy Y. Sugiura
Sammy Y. Sugiura
PA I.D. No. 209942
sammys@jpward.com

J.P. WARD & ASSOCIATES, LLC
201 SOUTH HIGHLAND AVE
SUITE 201
PITTSBURGH, PA 15206
TELEPHONE: (412) 545-3016
FACSIMILE: (412) 540-3399

**COUNSEL FOR PLAINTIFFS AND CLASS**